IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRIET NICHOLSON,<br>Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-389-O |
| | § | |
| BARRETT DAFFIN FRAPPIER TURNER<br>& ENGLE LLP, ET AL.,<br>Defendants. | §<br>§<br>§<br>§ | |

## FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending Before the Court are Defendant Barrett Daffin Frappier Turner & Engle LLP ("BDFTE")'s Motion to Dismiss [doc. 49]; Defendants Nationstar Mortgage, LLC ("Nationstar")'s and The Bank Of New York Mellon ("BNYM")'s Motion to Dismiss [doc. 52]; Plaintiff Harriet Nicholson ("Nicholson")'s Partial Motion for Summary Judgment against BDFTE [doc. 41]; Nicholson's Partial Motion for Summary Judgment against Nationstar [doc. 54]; and Nicholson's Amended Motion Requesting the Court to Take Judicial Notice [doc. 21]. For the reasons stated herein, the undersigned **RECOMMENDS** that: (1) Barrett Daffin Frappier Turner & Engle LLP's Motion to Dismiss [doc. 49] be **GRANTED**; (2) Nationstar Mortgage, LLC's and The Bank Of New York Mellon's Motion to Dismiss [doc. 52] be **GRANTED**; (3) Nicholson's Partial Motion for Summary Judgment against BDFTE [doc. 41]; Partial Motion for Summary Judgment against Nationstar [doc. 54]; and Amended Motion Requesting the Court to Take Judicial Notice [doc. 21] be **DENIED as moot**; (4) Nicholson's claims be **DISMISSED with prejudice**; (4) Nicholson be declared a vexatious litigant; and (5) Nicholson be required to seek leave of court by motion before she is permitted to file any additional complaints in this district.

1

## I. BACKGROUND

This case presents one of the most egregious abuses of the judicial system that the undersigned has ever seen. While Nicholson claims to be a "victim of [Defendants'] reprehensible conduct," the history of this case shows that Nicholson has avoided paying her mortgage for nearly twenty years by using the judicial system to delay a lawful foreclosure.[1] The facts of this case begin all the way back on January 18, 2001, when Nicholson purchased the property at issue and executed a promissory note and deed of trust to non-party Mid-America Mortgage, Inc. (Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 5). Nicholson defaulted on her loan in 2004 and has been in default ever since. *See Nicholson v. The Bank of New York Mellon, et al.*, No. 02-20-00379-CV, 2022 WL 963990, at n.5 (Tex. App.—Fort Worth Mar. 31, 2022). On July 3, 2012, the property was sold at a foreclosure sale to BNYM. (Pl.'s Sec. Am. Compl. at 6).

After years of litigation, in 2017, the foreclosure sale was determined to be invalid because the notice of sale listed the wrong address for the place of sale. (*Id.* at 7); *Nicholson*, 2022 WL 963990 at *14. As a result, acceleration of the debt was abandoned, which restored the loan to its pre-acceleration status (meaning that Nicholson owes payments on the Note and the Property is subject to a valid and enforceable security interest by way of the deed of trust). *See Nicholson*, 2022 WL 963990 at *14 ("[T]he trial court declared the foreclosure sale void. When a foreclosure sale is declared void, the debt upon which the foreclosure is based revives and remains outstanding."); *see also Nicholson v. Harvey Law Group*, No. 02-20-00180-CV, 2021 WL 1134455, *1 (Tex. App.—Fort Worth Mar. 25, 2021) ("Nicholson's loan, however, remained in default").

---

[1] A fact that is evidenced by the State of Texas declaring her a vexatious litigant. See *Nicholson v. Nationstar Mortg. LLC*, No. DC-21-12504 (162nd Judicial District of Dallas—Jan. 5, 2022).

Since that day,[2] Nicholson has filed numerous frivolous lawsuits (in federal and state court) against the same parties or those in privity to the parties, alleging the same theories, over the same property and loan. *See Nicholson v. The Bank of N.Y. Mellon f/k/a The Bank of N.Y. as Trustee for the Certificate holders of CWMBS, Inc., CWMBS Reforming Loan Remic Trust Certificates Series 2005-R2*, No. 1:22-cv-3177-PGG-KHP (S.D.N.Y. 2022); *Nicholson v. Bank of Am., et al.*, No. 3:21-cv-1779-N (N.D. Tex. 2022); *Nicholson v. The Bank of N.Y. Mellon f/k/a The Bank of N.Y. as Trustee for the Certificate holders of CWMBS, Inc., CWMBS Reforming Loan Remic Trust Certificates Series 2005-R2, et al.*, No. 02-18-00035-CV, 2019 WL 406165 (Tex. App.—Fort Worth Jan. 31, 2019); *In re Nicholson*, No. 02-10-00022-CV, 2019 WL 490132 (Tex. App.—Fort Worth Feb. 7, 2019, pet. denied); *Nicholson v. Bank of Am., N.A.*, No. 02-19-00085-CV, 2019 WL 7407739 (Tex. App.—Fort Worth Dec. 31, 2019); *Nicholson v. Stockman*, No. 02-19-00103-CV, 2020 WL 241420 (Tex. App.—Fort Worth Jan. 16, 2020); *In re Nicholson*, No. 02-19-00163-CV, 2019 WL 2111848 (Tex. App.—Fort Worth May 14, 2019, pet. denied); *Nicholson v. Harvey Law Grp.*, No. 02-20-00180-CV, 2021 WL 1134455 (Tex. App.—Fort Worth Mar. 25, 2021); *In re Nicholson*, No. 02-20-00272-CV, 2020 WL 5525330 (Tex. App.—Fort Worth Sept. 15, 2020, pet. denied); *In re Nicholson*, No. 02-21-00068-CV, 2021 WL 1011902 (Tex. App.—Fort Worth Mar. 17, 2021, pet. denied); *Nicholson v. Nationstar Mortg. LLC*, No. DC-21-12504 (162nd Judicial District of Dallas—Sept. 12, 2022); *Nicholson v. Nationstar Mortg. LLC*, No. 05-22-00908-CV (Tex. App.—Dallas).

All of the above cases have reached the same conclusion, the deed of trust is valid, and Nicholson is in default. *See Nicholson*, No. 02-20-00379-CV, 2022 WL 963990. Additionally,

---

[2] The following list does not include the numerous lawsuits Nicholson filed prior to 2017, nor the cases filed in New York state court, if any.

some of the Texas state court proceedings are still pending on appeal. *See Nicholson,* No. 05-22-00908-CV. In the present case, Nicholson asks this Court to usurp nearly twenty years of judicial findings. For the reasons set out below, the Court declines to do so.

## II. ANALYSIS

All of Nicholson's claims against Defendants are predicated on her assertion that the deed of trust is invalid and she is the rightful owner of the property at issue. (*See* Pl.'s Sec. Am. Compl. at 8 (count 1, alleging that BDFTE and Nationstar violated the Fair Debt Collect Practices Act because the deed of trust is invalid and she is the true owner of the property); 9 (count 2, seeking declaratory judgment for quiet title and trespass-to-try title because she is the owner of the property and has avoid foreclosure since 2012 through the filing of numerous lawsuits)). Because Nicholson's claims are predicated on her assertions that the deed of trust is void and she is the rightful owner of the property, the Court finds that such claims are barred by the Anti-Injunction Act, the *Rooker-Fieldman* doctrine, the *Colorado River* doctrine, and *res judicata*.[3]

### A. The Anti-Injunction Act

"The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of Louisiana at Monroe,* 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283). A court may not grant injunctive relief that would enjoin a party "from enforcing a valid [] judgment of a Texas court." *Knoles v. Wells Fargo Bank, N.A.,* 513 F. App'x 414, 416 (5th Cir. 2013). Here, as discussed above, Nicholson asks the Court to enjoin Defendants' foreclosure of the property based on her theory that the deed of trust is void. Texas state courts have consistently found the opposite: that the deed of trust is valid and effective. *See*

---

[3] The Court also finds that BDFTE is entitled to attorney immunity for the reasons stated in their brief. (ECF No. 49).

4

*Nicholson*, No. 02-20-00379-CV, 2022 WL 963990, \*14 ("The record in this case and the preceding cases reflects that Nicholson agreed to the original 2001 deed of trust. . . . When a foreclosure sale is declared void, the debt upon which the foreclosure is based revives and remains outstanding."). Accordingly, in order to enjoin Defendants from foreclosing, this Court would have to find the deed of trust invalid, overturning multiple Texas state court orders in the process. The Court declines to do so.

### B. The *Rooker-Feldman* Doctrine

"[T]he *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" without express congressional authorization. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted); *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies only in "cases brought by state court-losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This includes cases in which "the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012) (quotation marks and citation omitted). As previously discussed, Nicholson asks this Court to overturn nearly twenty years of state and federal precedent. The Court further declines to do so under the *Rooker-Feldman* doctrine.

### C. The *Colorado River* Doctrine

Additionally, the *Colorado River* doctrine applies when there are pending parallel proceedings in federal and state court involving the same parties and issues. *RepublicBank Dallas,*

5

*Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). There are six factors for determining whether the doctrine applies:

> (1) assumption by either state or federal court over a *res*; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006).

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983). In this case, the appeal pending in state court involves the same parties, property, loan, and underlying assertions. *See Nicholson*, Case No. 05-22-00908-CV. Thus, the possibility for conflicting order is evident. Further, the state courts are applying state law and are more than capable of protecting Nicholson's rights. A review of the *Colorado River* factors militates against this Court exercising jurisdiction over Plaintiff's claims. Consequently, the Court finds that the *Colorado River* doctrine applies in this case.

### D. *Res Judicata*

Finally, the term *res judicata* comprises two distinct doctrines regarding the preclusive effect of prior litigation: (1) claim preclusion, sometimes called true *res judicata*, and (2) issue preclusion, commonly known as collateral estoppel. *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, Inc., 140 S. Ct. 1589, 1594 (2020); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). *Res judicata* prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment

6

prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Lucky Brand Dungarees*, 140 S. Ct. at 1594 (citation omitted). *Res judicata* applies when: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 37 F.4th 1078, 1087 (5th Cir. 2022).

Unlike *res judicata*, the doctrine of collateral estoppel "does not bar successive claims, it bars successive litigation over the same issue." *In re Flores*, No. BANKR. 07-52684-LMC, 2008 WL 2008617, at *3 (Bankr. W.D. Tex. May 6, 2008). Collateral estoppel "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees*, 140 S. Ct. at 1594. Collateral estoppel applies when: (1) the parties are identical or in privity; (2) the identical issue was previously adjudicated; (3) the issue was actually litigated; and (4) the previous determination was necessary to the decision. *Students for Fair Admissions*, 37 F.4th at 1089 n.16; *In re Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020).

In this case, BNYM, Nationstar, and BDFTE are either identical to or in privity with, the named parties in all of Nicholson's lawsuits. *See Nicholson*, 2019 WL 7407739, at *1 (naming Bank of America, N.A. (the prior servicer) and Countrywide Home Loans, Inc. (the prior investor) as defendants); *Nicholson*, 2021 WL 1134455, *1 (Nationstar and BNYM named as defendants); *Nicholson*, 2022 WL 963990, at *1 (naming Bank of America, N.A. (the prior servicer) and BNYM as defendants). For *res judicata* purposes, a party is in privity when it is so connected with a party to the first judgment that the parties share the same legal right that is the subject of the suit. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653; *Better Bus. Bureau of Metro Houst., Inc. v.*

7

*John Moore Servs.*, 500 S.W.3d 26, 41 (Tex. App.— Houston [1st Dist.] 2016, pet. denied); *see Castillo v. Select Portfolio Servicing, Inc.*, No. DR-16- CV-044-AM/CW, 2017 U.S. Dist. LEXIS 129833, at *4 (W.D. Tex. Mar. 21, 2017) (mortgage assignees and servicers are sufficiently in privity to fall within the preclusion exception); *Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014) (relationship between a mortgage holder, mortgage servicer, and mortgage lender's nominee is generally sufficient to establish privity for *res judicata*). Consequently, the Court finds that Defendants have all been named defendants or are in privity with named defendants from Nicholson's prior lawsuits.

Moreover, Texas state courts, as well as Federal Courts, of competent jurisdiction have entered orders and final judgments rejecting Nicholson's claims regarding the validity of the loan. *See Nicholson,* Case No. 1:22-cv-3177-PGG-KHP (holding that Nicholson's claims are barred by ***res judicata and dismissing them with prejudice***); *Nicholson*, Case No. 3:21-cv-1779-N, *aff'd*, No. 22-11064 (5th Cir. 2023) (dismissing Nicholson's claims under the *Rooker-Feldman* doctrine); *Nicholson*, 2019 WL 7407739, at *2-3 (affirming summary judgment granted in favor of prior servicer and investor) (rehearing denied); *Nicholson*, 2021 WL 1134455, *3 (affirming summary judgment in favor of Nationstar and BNYM); *Nicholson*, 2022 WL 963990, at *8-15 (affirming summary judgment in favor of prior servicer and BNYM and dismissing Nicholson's claims with prejudice). Consequently, the Court finds that *res judicata* applies as the judgments in the prior actions were rendered by courts of competent jurisdiction, the prior actions were concluded by final judgments on the merits, and the same claims or causes of action were involved in all of the previous cases. Additionally, the Court finds that collateral estoppel also applies as the same issues presented in this case have been previously adjudicated, the issues were actually

litigated, and the previous determinations were necessary to the decisions. Thus, Nicholson's claims are precluded in this case, and they should be dismissed with prejudice.

### III. VEXATIOUS LITIGANT FINDING

Nicholson filed this case on May 2, 2024. (ECF No. 1). While it is only the second action that Nicholson has recently filed in this district, her litigation history clearly establishes her vexatiousness. Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, No. 3:09-CV-226-, 2010 WL 668847, at *5 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "power to levy sanctions in response to abusive litigation practices." *Obama*, 2010 WL 668847 at *5. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Id.* (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191-195-97 (5th Cir. 1993)). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have adopted the Tenth Circuit's advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that it is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file and action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented." *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)).

The undersigned **FINDS and CONCLUDES** that Nicholson's litigation history has risen to such prevalence and to a level of harassment that existed in the cases cited above where sanctions were deemed appropriate. Nicholson—after being declared vexatious in Texas state court—has now turned to Federal Court to continue her attempts to avoid foreclosure. However, as discussed above, Nicholson has a long history of filing frivolous lawsuits in both state and federal courts. She has abused the court system for nearly twenty years in an attempt to avoid foreclosure and live on the property for free. "¡Ya basta!"[4] *Holloway v. Fifth Ct. of Appeals*, 767 S.W.2d 680, 686 (Tex. 1989) (Gonzalez, J., dissenting). Nicholson should not be allowed to continue this practice in the Northern District of Texas. Accordingly, Nicholson should be warned that sanctions may be imposed for any future abusive litigation practices. The Court also recommends that Nicholson be required to obtain leave of court by motion before filing suit in this district in the future.

Based on the foregoing, the Court **RECOMMENDS** that Nicholson be declared a vexatious litigant and that the District Court warn Nicholson by order that: (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature; and (2) Nicholson must obtain leave of court by filing a motion before he is permitted to file any additional complaints in this district.

## RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Barrett Daffin Frappier Turner & Engle LLP's Motion to Dismiss [doc. 49] be **GRANTED**; (2) Nationstar Mortgage, LLC's and The Bank Of New York Mellon's Motion to Dismiss [doc. 52] be **GRANTED**; (3) Nicholson's Partial Motion for Summary Judgment against BDFTE [doc. 41];

---

[4] Enough is enough.

Partial Motion for Summary Judgment against Nationstar [doc. 54]; and Amended Motion Requesting the Court to Take Judicial Notice [doc. 21] be **DENIED as moot**; (4) Nicholson's claims be **DISMISSED with prejudice**; (4) Nicholson be declared a vexatious litigant; and (5) Nicholson be required to seek leave of court by motion before she is permitted to file any additional complaints in this district.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **July 17, 2024**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed

and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 3, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE