UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HARRIET NICHOLSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:24-cv-00389-O |
| v. | § | |
| | § | |
| BARRETT DAFFIN FRAPPIER TURNER & ENGLE LLP, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") (ECF No. 57) in this case. Harriet Nicholson ("Plaintiff") filed an objection to the FCR on July 17, 2024. ECF No. 58. Having reviewed the proposed Findings, Conclusions, and Recommendation de novo, the Court Finds no error, and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Specifically, Plaintiff's complaint that she was deprived procedural due process is unfounded. By the Court's count Plaintiff was allowed to amend her complaint twice. This led to three rounds of motion to dismiss briefing, which included the Plaintiff filing two responses to motions to dismiss and two summary judgments. Thus, Plaintiff was provided a fair opportunity to present her case.

Additionally, the FCR did not err in relying on unpublished opinions. "Although unpublished opinions are not precedential, they are persuasive." *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 n. 3(5th Cir. 2017) (quoting *United States v. Oliveras,* 833 F.3d 450, 453 n.1

(5th Cir. 2016). Given the number of courts that have explicitly rejected Nicholson's claims regarding the validity of the loan, the Court finds those cases persuasive here.

Finally, the FCR followed proper procedures when declaring Plaintiff vexatious. Plaintiff complains that under Rule 11 the court must allow the Plaintiff a reasonable time to respond. However, the FCR did not rely on Rule 11 in this case. Instead, the ruling rested on the Court's inherent power "to protect the efficient and orderly administration of justice and ... to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, No. 3:09–CV–2260, 2010 WL 668847, 2010 U.S. Dist. LEXIS 16927 at *5 (N.D.Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir.1993). This includes "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions are appropriate when a pro see plaintiff has a history of submitting multiple claims. Plaintiffs' twenty-year litigation certainly meets this threshold. In any event, Plaintiff was then given 14 days to object which served as an opportunity to respond. Thus, the FCR did not err in recommending that Plaintiff be declared vexatious.

Accordingly, it is **ORDERED that:** (1) Barrett Daffin Frappier Turner & Engle LLP's Motion to Dismiss (ECF No. 49) is **GRANTED;** (2) Nationstar Mortgage, LLC's and The Bank Of New York Mellon's Motion to Dismiss (ECF No. 52) is **GRANTED,** (3) Nicholson's Partial Motion for Summary Judgment against BDFTE (ECF No. 41); Partial Motion for Summary Judgment against Nationstar (ECF No. 54); and Motions Requesting the Court to Take Judicial Notice (ECF Nos. 21, 56, 59, and 60) are **DENIED** as moot; (4) Nicholson's claims are **DISMISSED with prejudice**; (4) Nicholson is declared a vexatious litigant; and (5) Nicholson **SHALL** seek leave of court by motion before she is permitted to file any additional complaints in this district.

**SO ORDERED** on this 22nd day of July, 2024.

2

Reed O'Connor
UNITED STATES DISTRICT JUDGE